UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| DEQUAN FRY, | ) |
| | ) |
| Petitioner, | ) |
| | )   NO. 3:06 CV 467 JM |
| v. | ) |
| | ) |
| WILLIAM WILSON, | ) |
| | ) |
| Respondent. | ) |

**OPINION AND ORDER**

Dequan Fry, through counsel, initiated this case on July 27, 2006, by filing a habeas corpus petition challenging his state-court convictions for murder and related charges. Fry alleges violations of his rights under the fifth, sixth and fourteenth amendments to the United States Constitution due to insufficient evidence to support his convictions, inconsistent verdicts, and interference, by his defense counsel, with his right to testify in his own defense. Respondent William Wilson has responded to this court's order to show cause and urges the court to dismiss the petition as untimely filed (DE ## 5,6). Fry filed a reply (designated as a traverse, DE # 8), opposing dismissal by arguing that his petition is timely.

There is a one-year limitation period for filing an application for a writ of habeas corpus that runs from the latest of one of four events, as relevant here, the date on which the judgment challenged became final. 28 U.S.C. § 2244(d)(1)(A). Any time during which a properly-filed state action seeking post-conviction relief or other

collateral review is pending is excluded from this one-year period. 28 U.S.C. § 2244(d)(2).

Respondent Wilson's calculation of the one-year period and argument on timeliness, briefly summarized, is as follows. The Indiana Supreme Court issued its opinion deciding Fry's direct appeal on June 7, 2001. His convictions therefore became final on September 5, 2001, the last day he could have petitioned the United States Supreme Court for certiorari. The one-year period began ticking, but was tolled on March 21, 2002, when Fry filed a petition seeking post-conviction relief. Thus, at that point, 197 days of Fry's one-year period had expired.[1] The post-conviction petition remained pending until August 29, 2005, when the Indiana Supreme Court denied transfer. Fry had 168 days of his one-year period remaining (365 minus 197), meaning that his habeas petition needed to be filed by February 13, 2006. Instead, he filed on July 27, 2006, 360 days later, and therefore 192 days too late.

Fry's entire response to this argument is as follows:

> The Indiana Supreme Court issued it's [sic] denial of Petitioner's Petition for Transfer of Jurisdiction on November 9, 2005. The Petition for Writ of Habeas Corpus was filed July 27, 2006, thus the petition is not time barred as alleged by the Respondent.

Traverse, DE # 8, at 1. Thus, Fry's only disagreement with Respondent Wilson's argument as to timeliness is the date on which the pendency of Fry's post-conviction petition ended.

---

[1] The court thinks that the day the post-conviction petition was filed, March 21, 2002, should not be included in the computation, meaning that only 196 days had elapsed. As will be seen, however, a difference of one day does not make a difference, so the court will use Respondent Wilson's calculation in its analysis.

2

Fry is correct that Respondent Wilson used the wrong date, and that the date when the Indiana Supreme Court denied transfer in Fry's post-conviction proceeding, as alleged in his habeas corpus petition, was November 9, 2005. Even when this correct date is used in the calculation, however, his petition for habeas corpus is untimely. Fry had 168 days from November 9, 2005, to file. That made the last day for him to file a timely petition April 26, 2006. Instead, he filed on July 27, 2006, which was 92 days too late.[2]

Because the petition is time-barred by the one-year statute of limitations found in 28 U.S.C. § 2244(d)(1), no evidentiary hearing is required and Fry is entitled to no relief. Respondent's motion for relief from order to produce state court record (DE # 7) is **GRANTED**.

For the foregoing reasons, Fry's habeas corpus petition is **DISMISSED** and the clerk shall **ENTER FINAL JUDGMENT** in favor of Respondent Wilson.

**SO ORDERED.**

**Enter:** January 24, 2007

 s/James T. Moody
JUDGE JAMES T. MOODY
UNITED STATES DISTRICT COURT

---

[2] The court notes that the ninety days during which Fry could have petitioned for certiorari to the United States Supreme Court, from the denial of transfer on his post-conviction petition, does not toll the running of the one-year period. *Jones v. Hulick*, 449 F.3d 784, 788 (7th Cir. 2006). Even if it did, and the court gave Fry the additional day mentioned above at 2, n. 1, it would appear that his petition was still one day late.